**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Donny Love,<br>Petitioner<br>-vs-<br>Jason Gunther,<br>Respondent. | CV-25-0245-PHX-DWL (JFM)<br><br>**Order and**<br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner, a federal prisoner, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 6) challenging the calculation of his sentence. The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL BACKGROUND

Petitioner asserts in Ground 1 that "BOP has me currently serving a 4 years sentence on a California state case, when I was only sentence to 2 years." (Petition at 2 ("3").)  The Petition alleges no other specifics, but appends records related to his California convictions.

**Petitioner's Custody** - On May 21, **2010** Petitioner was sentenced in the San Diego, California Superior Court to a combined sentence of five and four months in prison. A sentence of 1 year and 4 months was issued in *People v. Love*, Case No. SCN208988

- 1 -

(Cal.) (herein "**State Case 988**") and a sentence of four years in *People v. Love*, Case No. SCD211768 (Cal.) (herein "**State Case 768**").  The sentence in State Case 768 was aggravated on the basis that it was committed while Petitioner was out on bail on State Case 988.  The Court credited Petitioner with 488 days of time served in State Case 988 and 532 days of time served in Case 768.

Eventually, Petitioner was released from state parole on August 29, **2011**, and on May 11, **2012** the state court vacated ("recalled") the sentence in and dismissed State Case 988.  On June 25, **2024**, the state court retroactively modified the sentence in State Case 768 to two years (starting from May 21, 2010), with 532 days of credit, based on the dismissal of State Case 988.

Under the retroactively modified sentence, Petitioner's prison term in State Case 768  was a base of 730 days (2 years at 365 days each), but less 532 days of credit for time served, leaving 198 days to be served, commencing on May 21, 2010.  Petitioner's state sentences expired 197 days later, on December 5, 2010.

In the meantime, shortly after sentencing in the San Diego state court and while serving the sentence in that case, on June 23, **2010**, Petitioner was initially taken into **federal custody** in the Southern District of California.  This custody arose from the prosecution in *United States v. Donny Love, Sr.*, Case No. 10-CR-02418 (S.D. Cal.) ("SoDC Case").   Except as discussed hereinafter, Petitioner has remained in federal custody ever since. On February 15, 2013, Petitioner was sentenced to 370 months in the SoDC case.

Petitioner was temporarily released from custody in the SoDC Case on federal writs during three periods:

July 25, 2016 to February 2, 2017,

August 21, 2019 to June 3, 2022, and

July 18, 2023 December 14, 2023.

(Ans., Exh. A, McEvoy Declaration, Doc. 17-1 at ¶¶ 6-9,12; Ans., Exh. A, McEvoy Declaration, Attach. 2, Abstract of Judgment; Petition, Exhs, Doc. 6-1 at 3-4 (Sent. Modif.

6/25/24).)

**BOP Calculations** -  Based on the foregoing, the Bureau of Prisons ("BOP") has calculated, as of September 9, 2025 (shortly before the Answer was filed in this case), that Petitioner is entitled to 802 days of pre-sentence credit on the SoDC Case sentence for his time in federal custody as follows:

- commencing on December 6, 2010, the day after the State Case 768 sentence expired;

- ending February 14, 2013, the day before his sentencing in the SoDC case.

After deducting the 802 days credit from Petitioner's sentence in the SoDC case, BOP  has calculated an expected release date (including projected good conduct credits) for Petitioner of April 10, 2037.  (*Id.* at ¶¶ 10-12.)

**Administrative Remedies** – BOP provides a multi-level administrative remedies system, each tier of which must be exhausted:

- commencing with a Request for Informal Resolution (form BP-8),

- proceeding through a formal Request for Administrative Remedy (form BP-9) (at which a point a "remedy" number is assigned),

- a Regional Office Administrative Remedy Appeal  (form BP-10),

- a Central office Administrative Remedy Appeal (form BP-11).

During his term with BOP, Petitioner has not filed nor exhausted any formal administrative remedy requests regarding jail credits.  (*Id.* at ¶ 14.)

Petitioner contends that in 2014 and 2015, in Remedy # 785330, he inquired about "Jail Credit," and exhausted his administrative remedies.   (Reply, Doc. 19 at 15 (unidentified and annotated Exhibit).

**B.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner, presently incarcerated in the Federal Correctional Institution at Phoenix, Arizona, commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241on January 26, 2025 (Doc. 1).  That Petition

was dismissed with leave to amend because Petitioner had failed to allege a constitutional violation or a cognizable claim.  (Order 2/25/25, Doc. 5.)

Petitioner then filed the instant Amended Petition (Doc. 6), and on screening the Court dismissed for failure to state a cognizable habeas claim Petitioner's claims regarding medical issues in Grounds 2 and 3.  Respondents were ordered to respond to Ground 1. (Order 8/5/25, Doc. 7.)

> In Ground One, Petitioner contends the records of the Federal Bureau of Prisons  (BOP) do not "accurately reflect jail time credits . . . of a 2 year [State of California]  sentence rather than a 5 year and 4 month sentence." He contends the Superior Court of San Diego County modified his sentence, but the BOP's records are "failing to reflect and  recognize" the modification.

(*Id.* at 1-2.)

**Response** - On September 23, 2025, Respondents filed their Answer (Doc. 17). Respondents argue Petitioner has failed to exhaust his administrative remedies, and the Petition is without merit and moot because BOP has recalculated Petitioner' sentence.

**Reply** – Petitioner had 30 days from service of the Answer, or until October 27, 2025, to reply in support of his Petition.  (Order 8/5/25, Doc. 7 at 4.) Petitioner has not done so.

Instead, on October 14, 2025, Petitioner filed a "Motion to Expand the Petition and Record Request for Evidentiary Hearing"  (Doc. 19).  Petitioner purports to seek to "expand" his Petition, but proffers no proposed expansion and argues no reason for expansion.  Accordingly, the undersigned liberally construes this portion of Petitioner's filing (Doc. 19) as Petitioner's reply in support of his Petition.

Petitioner argues that: (1) despite BOP's recent recalculations, he is entitled to relief because BOP has not obtained a recalculation from California state authorities on his sentence, and Petitioner finds' BOP's calculations contradictory; and (2) his exhaustion of administrative remedies is shown by records of BOP Remedy #785330, appended to Petitioner's reply (Doc. 19 at 15).

Petitioner also argues for an evidentiary hearing.  The Motion for Evidentiary

- 4 -

Hearing is addressed hereinafter.

### III.  APPLICATION OF LAW TO FACTS
### A.  ADMINISTRATIVE EXHAUSTION

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."  *Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1986).[1]  Where the petitioner has failed to exhaust those administrative remedies, dismissal of the claim is appropriate.  *Id*.

"The Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of imprisonment. 28 C.F.R. § 542.10 (1984)." *Martinez*, 804 F.3d 570.  Petitioner fails to counter Respondent's showing that he failed to exhaust those remedies.

Petitioner does provide some records that appear to relate to a 2015 request for calculation of his jail credits.   But Petitioner fails to show that these requests involved the issues he raises in the Petition.  Indeed, they could not have because he has, since 2015, had the relevant state prison sentence reduced.  Requesting an administrative remedy prior to the 2024 reduction of the relevant state sentence could not have presented the claim now raised.

It is true that "courts have discretion to waive the exhaustion requirement when it is prudentially required, [but] this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004).  Rather, it is limited to "situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be

---

[1] Respondents cite to 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act, as establishing an exhaustion requirement governing the Petition.   The PLRA has no application to a petition for writ of habeas corpus under § 2241. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (despite district courts reliance on § 1997e(a) exhaustion requirement, addressing habeas petition based solely on judicial, prudential exhaustion requirement).    *See also Ybarra v. Smith*, No. CV-09-1447-PHX-DGC-JRI, 2010 WL 5362647, at *3 (D. Ariz. Sept. 17, 2010), *report and recommendation adopted*, 2010 WL 5361833 (D. Ariz. Dec. 21, 2010) (detailing nine circuits agreeing);

void." *Id.* at 1000.  Here, Petitioner posits no reason to believe his administrative remedies are inadequate, futile or void, or why irreparable injury would have resulted.  At best, Petitioner disagrees with the conclusions now reached by Respondents, and their BOP declarant. But Petitioner's disagreement does not show that administrative process was ineffectual.

Accordingly, the Petition should be dismissed for failure to exhaust administrative remedies.

**B.  MERITS OF CLAIM**

Alternatively, the Petition should be denied on the merits as moot.  BOP has, since the filing of the Petition, recalculated Petitioner's jail time credits.

**Current Calculation Correct** - Petitioner complains in his Reply that the calculations are untrustworthy.  His complaints are unpersuasive.

Petitioner argues that rather than BOP calculating his California sentence expiration, BOP should have had California state authorities do so.  (Reply at 1.) But BOP has the responsibility to calculate time serve credits. *United States v. Wilson*, 503 U.S. 329, 336 (1992).

Petitioner argues that with his California sentence should have ended on December 5, 2009.  (Reply at 1.) But Petitioner was not sentenced in the California cases until 2010. This argument is nonsensical.

Petitioner asserts that his 198 days to be served on the State Case 768 must be deducted from the 532 days of pre-sentence credit.  But this is circular reasoning.  The 198 days to be served derives from deducting the 532 days credit from the original sentence of 730 days.  The 730 day sentence is not thereby transformed into a 532 days sentence, from which the remainder 198 days gets again subtracted.

Petitioner argues that he is left with "dead time" until he was detained by the U.S. Marshals on June 23, 2010.  To the contrary, Petitioner was serving his sentence in State Case 768 until December 5, 2010.  He effectively received credit towards State Case 768

until that date.  Thereafter (because he was then in Federal custody, without an effective state sentence) he began accruing pre-sentence credit towards his federal sentence.

Petitioner complains that BOP has not taken account the dismissal in State "Case No. SCN208958 [sic]."  (Reply at 2.)  However, the dismissal of State Case 988 renders it irrelevant to the calculation of his sentence because BOP has given him credit for his time in federal custody for all but the time he was subject to and receiving state credit on the sentence in State Case 768.

Petitioner complains that the records provided show no interim recalculation was made when State Case 988 was dismissed.    (Reply at 2.) Any failure to make such a recalculation was rendered harmless by BOP's current calculations which only reduce his presence credits on his federal sentence for the time served on a state sentence in the remaining State Case 768,

Petitioner asserts he was sentenced to 4 years, resulting in a prison term ending on August 29, 2011.  (Reply at 2.) But that was after Petitioner was already accruing federal credits (as of December 6, 2010) on his federal sentence under the BOP's calculations.  If Petitioner is right, BOP is being overly generous in their presence credits.

Petitioner makes several references to "half-time" credits.  (Reply at 1, 2.)  But partial-time credits, normally applicable to good time credits, *see* 18 U.S.C. § 3624(b)(1), have no application to pre-sentence credits.

Petitioner references an original sentence completion date on the original sentence of December 1, 2012, and inquires how the reduced sentence could continue through May 21, 2012. (Reply at 9.)    The California Department of Corrections' initial calculation of Petitioner's expected release date was December 1, 2012. (Ans. Exh. 1, McEvoy Decl. at Attach. 2, CDCR Calculation Worksheet.)  But this was based on the original sentences credits for time served in both state cases.  After the dismissal of State Case 988, and modification of Petitioner's sentence in State Case 768, Petitioner was left with a sentence of two years (or until May 21, 2012), less 532 days of presentence credit, leaving a release date of December 6, 2010.

**Mootness** - Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted due to subsequent developments. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  A moot petition should be dismissed. *See Kittel v. Thomas,* 620 F.3d 949 (9th Cir. 2010) (dismissing moot 2241).

Here, Petitioner seeks a correct calculation of his pre-sentence credits on his federal sentence.  The BOP has, since the filing of the Petition, adopted a correct calculation.  Thus there is no relief to be granted by the Court, and the case has been rendered moot.  *See Abernethy v. Acting Warden, FCI-Dublin*, 2023 WL 2960010, at *2 (N.D. Cal. Mar. 2, 2023) (2241 petition challenging BOP calculations rendered moot by post petition recalculation).  Accordingly, the Petition must be dismissed as moot.

## IV.  ORDER ON MOTION FOR EVIDENTIARY HEARING

In his Reply ("Motion to Expand the Petition and Record Request for Evidentiary Hearing") (Doc. 19), Petitioner seeks an evidentiary hearing.   The motion will be denied for each of the following reasons.[2]

First, the Petition should be dismissed without prejudice because Petitioner has failed to exhaust his administrative remedies.

Second, Petitioner proffers no evidence to be submitted in such an evidentiary hearing or to otherwise explain what allegations could be proved or what purpose would be served by such a hearing.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*,

---

[2] Petitioner has 14 days from service of this Order to file an objection to this Order pursuant to Fed. R. Civ. Proc. 72(a) (objections on non-dispositive orders).  This is in addition to any objection to the Report & Recommendation as discussed hereinafter in Section VI.

550 U.S. 465, 474 (2007). Consequently, where a petitioner does not proffer any evidence to be adduced at an evidentiary hearing which would prove the allegations of the petition, the habeas court need not grant a hearing. *Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) ("The failure to proffer any additional evidence defeats [petitioner's] argument that he was entitled to an additional evidentiary hearing in federal court."); *Williams v. Bagley,* 380 F.3d 932, 977 (6th Cir.2004) ("district court did not abuse its discretion in denying Williams's request, given his failure to specify ... what could be discovered through an evidentiary hearing"); *Lincecum v. Collins,* 958 F.2d 1271, 1279–80 (5th Cir.1992) (denying evidentiary hearing "[a]bsent any concrete indication of the substance of the mitigating evidence" the hearing supposedly would provide).

**IT IS THEREFORE ORDERED** Petitioner's Motion for Evidentiary Hearing (Doc. 19) is **DENIED**.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6) be either:

1.  **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies or;

2.  alternatively **DISMISSED WITH PREJUDICE** as Moot.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure*,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days

within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 14, 2026

25-0245r RR 26 04 13 on HC.docx

James F. Metcalf
United States Magistrate Judge

- 10 -